UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL E. BARGO, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PORTER COUNTY INDIANA, *et al.*<br><br>　　　　Defendants. | Case No.: 2:16-CV-177-JVB-JEM |

**OPINION AND ORDER**

Plaintiff claims various officers of Porter County, Indiana, including two judges, conspired to deprive him of real property. Defendants moved for dismissal on various grounds, including Plaintiff's lack of standing due to his bankruptcy.

**I.  Plaintiff's complaint**

On May 19, 2016, Mr. Bargo sued officers of Porter County, Indiana, for a conspiracy to deprive him of real property.

In Count 1, Mr. Bargo claims he made payments in 2011 and 2012 which were not properly credited toward his property tax bill. The Porter County Treasurer then notified him it would sell his property because he had not paid his property taxes. He objected. But Defendant Judge Harper did not grant him relief at a tax sale hearing on October 11, 2013.

In Count 2, Mr. Bargo claims he sued the Porter County Treasurer in small claims court on July 2, 2014. Mr. Bargo claims some Defendants mishandled his small claims case, and violated his rights.

In Count 3, Mr. Bargo claims various Defendants denied him access to certain documents, denied him an opportunity to make payments, and gave him fraudulent property tax bills. Mr. Bargo claims Defendant Martin falsified the docket in one of his cases. Mr. Bargo further claims she and Defendant Judge Chidester violated Indiana's record retention rules when they removed three pleadings from the record of one the cases, and returned them to Mr. Bargo on September 19, 2014. Mr. Bargo also claims Defendants engaged in other acts in furtherance of the conspiracy.

## II.    Plaintiff's bankruptcy

On October 28, 2015, Mr. Bargo petitioned for Chapter 7 bankruptcy. In the schedule of assets, Mr. Bargo did not disclose the claims he now alleges had already accrued. The bankruptcy court issued an order of discharge on February 17, 2016, and closed the bankruptcy case on October 3, 2016.

## III.    Motions to dismiss

Defendants Porter County, Urbanik, Knight, Martin, and Clancy move for dismissal on many grounds, including the argument that Mr. Bargo lacks standing because he filed for Chapter 7 bankruptcy on October 28, 2015. It is obviously appropriate to examine whether a plaintiff has standing to bring claims before determining the merits of those claims. *See Muhammad v. Aurora Loan Servs.*, No. 13-CV-1915, 2015 WL 1538409, at *3 (N.D. Ill. Mar. 31, 2015). These Defendants do not explicitly distinguish between constitutional, statutory, or prudential standing. The Court may fairly construe the motion as pursuing all three arguments.

2

Defendants Harper and Chidester also move for dismissal, but don't mention standing. Nevertheless, analysis of Plaintiff's standing is proper even *sua sponte*. *G & S Holdings v. Cont'l Cas. Co.*, 697 F.3d 534, 540 (7th Cir. 2012). Besides, the other Defendants did raise standing, and Mr. Bargo responded to this issue.

Therefore, the Court will address Mr. Bargo's standing to bring this lawsuit as the issue pertains to all Defendants.

**IV.    Legal standards**

Pursuant to Rule 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When considering a Rule 12(b)(1) motion, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). But the plaintiff bears the burden of proving satisfaction of the jurisdictional requirements. *Ctr. for Dermatology & Skin Cancer Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez*, 320 F.3d at 701.

Pursuant to Rule 12(b)(6), a defendant may move for dismissal for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleadings, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is

3

entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

As the Supreme Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 556).

The Seventh Circuit synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

Plaintiff bears the burden of establishing standing. *Reid L. v. Ill. State Bd. of Educ.*, 358 F.3d 511, 515 (7th Cir. 2004). Constitutional standing requires a plaintiff to allege that (1) he

---

[1] In *Twombly*, the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

4

suffered an injury that is concrete and particularized, and actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely that a favorable decision will redress the injury. *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016). Plaintiff bears the burden of proof even if the species of standing is classified as "statutory" or "prudential." *See Sterk v. Best Buy Stores*, No. 11-C-1894, 2012 WL 5197901, at *5 (N.D. Ill. Oct. 17, 2012) (statutory standing); *see also Johnson v. Bankers Life and Cas. Co.*, No. 13-CV-144, 2014 WL 4494284, at *5 (W.D. Wisc. Sept. 12, 2014) (prudential standing).

**V.     Analysis**

Without standing, a plaintiff cannot bring or maintain a lawsuit. The issue of standing concerns whether a plaintiff "is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Plaintiff bears the burden of proving standing. At this procedural posture, the Court construes the complaint in the light most favorable to Mr. Bargo, accepting all well-pleaded allegations as true and construing all reasonable inferences in his favor.

Neither Defendants nor Plaintiff explicitly distinguish between constitutional, statutory, or prudential standing. Indeed, the Supreme Court in a different context recently questioned the utility of the labels "statutory standing" and "prudential standing," and described them as misleading. *Lexmark Intern. v. Static Control Components*, 134 S.Ct. 1377, 1386, 1387–88 n.4 (2014).

The validity and parameters of the prudential standing and statutory standing doctrines remain open questions in various contexts. *See Bank of Am. Corp. v. City of Miami, Fla.*, 137

5

S.Ct. 1296, 1302–03 (2017); *In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 n.1 (7th Cir. 2016); *United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 645 (7th Cir. 2015).

For present purposes, it suffices to hold:

1) Pursuant to the bankruptcy code, Mr. Bargo's claims became part of the bankruptcy estate when he filed for Chapter 7 relief;

2) Only the bankruptcy trustee has standing to prosecute these claims;

3) The bankruptcy trustee never abandoned these claims; and, therefore,

4) Under Rule 17, Mr. Bargo is not the real party in interest.

**(1)** *Bankruptcy estate*

With exceptions inapplicable here, all property belonging to a debtor—including all legal claims—becomes part of the bankruptcy estate once the debtor files a bankruptcy petition. 11 U.S.C. § 541(a). A legal claim arising from events that occurred before a debtor files for bankruptcy is included in the bankruptcy estate. *United States v. Whiting Pools, Inc.*, 103 S.Ct. 2309, 2313 n.9 (1983); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).

Mr. Bargo's claims accrued before he filed for bankruptcy.[1]

---

[1] With the few exceptions noted here, Plaintiff's complaint only references dates before October 28, 2015, when he filed for bankruptcy. In paragraph 38 of the complaint, Mr. Bargo claims the "conspiracy was also perpetuated by denying Plaintiff official Court Documents he requested by APRA (Indiana Access to Public Records Act) requests filed in 2015 through 2016 as noted in APPENDICES G, H." (Compl., DE 1 at 15.) But neither appendix G nor H reference or seem to involve dates after October 28, 2015. In paragraph 50 of the complaint, Mr. Bargo claims "Clerk Martin continued the conspiracy until January 27, 2016 by once again alleging that the ruling to Dismiss his claim on September 15, 2014 was lawful and in compliance with all applicable Indiana Court Rules." (*Id.* at 19.) But the alleged denial on January 27, 2016, does not delay the accrual of any cause of action stemming from the dismissal on September 15, 2014. Besides, on January 27, 2016, Mr. Bargo's bankruptcy was still pending. Yet by the time it closed on October 3, 2016, he still hadn't scheduled these claims. In sum, all the claims raised by Mr.

6

Therefore, Mr. Bargo's claims became the property of the bankruptcy estate. The Court takes judicial notice of the filings in Mr. Bargo's bankruptcy case: Northern District of Illinois bankruptcy petition # 15-36611. Defendants attached some of these bankruptcy filings to their briefing in this case. These bankruptcy filings, and the rest of Mr. Bargo's bankruptcy filings, are matters of public record. A district court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Mr. Bargo marshals two arguments in favor of his standing. Both arguments contest the scope of the bankruptcy estate.

First, he argues that the residence—the real property involved in his complaint—never became part of the bankruptcy estate because he did not own the residence when he filed for bankruptcy in October 2015. But this argument is unavailing. The issue is not whether the residence belonged to the bankruptcy estate. The issue is whether Mr. Bargo's *claims* (regarding the residence or otherwise) accrued before he filed for bankruptcy, in which case the claims became part of the bankruptcy estate. They did, so they did.

Second, he argues that his complaint is a § 1983 civil rights complaint, and that since Defendants violated his civil rights, and not the trustee's civil rights, he has standing, not the trustee. Mr. Bargo cites no support for this proposition. To the contrary, courts have routinely held that a pre-petition civil rights claim becomes part of a bankruptcy estate upon petitioning for bankruptcy. *See, e.g.*, *Kleven v. Walgreen Co.*, 373 Fed. Appx. 608, 611 (7th Cir. 2010); *Phillips v. EEOC*, No. 3:15-CV-565, 2016 WL 8719050, at *6 (N.D. Ind. Sept. 9, 2016); *Burruss v. Cook*

---

Bargo in his complaint became part of the bankruptcy estate, even without a "sufficiently rooted" analysis. *See Segal v. Rochelle*, 382 U.S. 375, 380 (1966).

7

*Cty. Sheriff's Office*, No. 8-C-6621, 2013 WL 3754006, at *14 (N.D. Ill. July 15, 2013); *Cowling v. Rolls Royce Corp.*, No. 1:11-CV-1719, 2012 WL 4762143, at *5 (S.D. Ind. Oct. 5, 2012); *Lujano v. Town of Cicero*, No. 7-C-4822, 2012 WL 4499326, at *5 (N.D. Ill. Sept. 28, 2012).

So this argument fails as well.

**(2)** *Trustee's standing*

Only the bankruptcy trustee has standing to prosecute Mr. Bargo's claims, because they became part of the bankruptcy estate. *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999) ("In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate."), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

**(3)** *Abandonment*

Generally, the only way a debtor can assert a pre-petition claim in his own name is if the trustee abandons the claim, in which case title to the claim reverts to the debtor as if he always held it and as if the bankruptcy never occurred. *See Matthews v. Potter*, 316 Fed. Appx. 518, 521–22 (7th Cir. 2009).

By statute, the trustee can abandon property of the estate three ways.

One, the trustee can abandon property that is burdensome or of inconsequential value and benefit to the estate after notice and a hearing. 11 U.S.C. § 554(a). No such notice or hearing happened here.

8

Two, the court can order the trustee to abandon property that is burdensome or of inconsequential value and benefit to the estate after notice and a hearing. 11 U.S.C. § 554(b). No court entered such an order here.

Three, "any property *scheduled* under section 521(a)(1) . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor . . . ." 11 U.S.C. § 554(c) (emphasis added). But Mr. Bargo never scheduled the claims in his bankruptcy filings. Indeed, he explicitly denied having such claims by checking "NONE" next to "Other contingent and unliquidated claims of every nature . . . ." on Schedule B. (Schedule B, DE 22-1 at 10.)

The trustee did not abandon claims he never knew about. The abandonment requirements are "exacting" because they are designed to ensure that creditors can benefit from all available property. *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002). A trustee cannot abandon assets not scheduled. *See In re Green*, 42 Fed. Appx. 815, 820 (7th Cir. 2002).

Without satisfaction of the statutory requirements for abandonment, assets remain in the Chapter 7 estate permanently, even after the debtor receives discharge: "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. § 554(d).

Here, the trustee did not abandon the claims. No one pursued or satisfied any of the statutory means of abandonment. Therefore, the claims remain part of the bankruptcy estate.

**(4)** *Rule 17*

Federal Rule of Civil Procedure 17 provides: "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1).

9

Because the subject claims are property of the bankruptcy estate, Mr. Bargo is not the real party in interest under Rule 17. Rather, the bankruptcy trustee is the real party in interest, and only he can bring these claims. *Cable*, 200 F.3d at 472.

**(5)** *The Cure*

Mr. Bargo cannot go forward with this case as is. The question becomes whether to dismiss this case or to allow the trustee an opportunity to do something.

Rule 17(a)(3) forbids hasty dismissals for failure to prosecute in the name of the real party in interest:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).

But courts have not applied this provision every time the wrong party files a lawsuit. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1555 at 570–71 (3d ed. 2010). The provision does not apply when "the determination of the right party to bring the action was not difficult and when no excusable mistake had been made." *Id.* at 571; *see also Metalworking Lubricants Co. v. U.S. Fire Ins. Co.*, 460 F. Supp. 2d 897, 902 (S.D. Ind. 2006). In such a case, simple dismissal would not be hasty, and would not offend Rule 17(a)(3).

There are non-binding examples of courts simply dismissing cases in circumstances similar to those here. One court observed that the law clearly forbids a Chapter 7 debtor from

10

pursuing pre-petition legal claims, and so held Rule 17(a)(3) to be irrelevant and no bar to dismissal. *In re Peregrin*, No. 12-B-26800, 2012 WL 5939266, at *5 (Bankr. N.D. Ill. Nov. 28, 2012); *see also Putzier v. Ace Hardware Corp.*, No. 13-C-2849, 2016 WL 1337295, at *9 (N.D. Ill. Mar. 30, 2016); *Van Sickle v. Fifth Third Bancorp*, No. 12-11837, 2012 WL 3230430, at *3 (E.D. Mich. Aug. 2, 2012).

There are also non-binding examples of courts in similar circumstances allowing bankruptcy trustees reasonable time to ratify, join, or be substituted as parties, before potential dismissal. *See, e.g.*, *Sparks v. Norfolk S. Ry. Co.*, No. 2:14-CV-40, 2016 WL 5394459, at *1 (N.D. Ind. Sept. 27, 2016); *Muhammad*, 2015 WL 1538409, at *6.

## VI.  Conclusion

Mr. Bargo lacks standing to maintain this case. He is not the real party in interest. The Court also notes Defendants raise many other arguments for dismissal.

In an abundance of caution, pursuant to Rule 17(a)(3), the Court allows a reasonable time for the trustee to have the bankruptcy case re-opened and to ratify, join, or be substituted into this lawsuit, or for Mr. Bargo to take action (if possible) to enable him to pursue these claims himself.

The Court directs the Clerk of Court to terminate the motions to dismiss (DEs 21 and 30).

If by September 20, 2017, the trustee has not taken any relevant action regarding this lawsuit and Mr. Bargo has not taken any action enabling him to pursue these claims himself, the Court will dismiss this case as to all Defendants, without further notice, and without the necessity of any further filings by the parties.

11

If by September 20, 2017, the trustee has taken relevant action regarding this lawsuit, or if Mr. Bargo has taken action enabling him to pursue these claims himself, then the Defendants may move for dismissal, incorporating their prior motions and adding any new grounds as appropriate, and the Court will rule on Defendants' many other arguments for dismissal, as necessary.

The Court directs the Clerk of the Court to send a copy of this order to bankruptcy trustee Michael K. Desmond at 10 South LaSalle, Suite 3600, Chicago, Illinois 60603 and at mdesmond@fslegal.com.

**SO ORDERED** on July 19, 2017.

                                          s/ Joseph S. Van Bokkelen
                                          JOSEPH S. VAN BOKKELEN
                                          UNITED STATES DISTRICT JUDGE